**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DYLAN PYLES, et al.,**

                           **Petitioners,**

            **v.**                                    **CASE NO. 22-3105-SAC**

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF KANSAS, et al.,**

                           **Respondents.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter began with a "Freestanding Constitutional Writ of Habeas Corpus & Declaration of Right to Justice without Delay" electronically submitted for filing on April 15, 2022 by Dylan Pyles, Sandy Glee Justice, and Terry Justice as purported next-friends of and on behalf of Kansas state prisoner Jason Alan Justice. For ease of understanding, Dylan Pyles, Sandy Glee Justice, and Terry Justice collectively will be referred to in this order as the purported next friends, while Jason Alan Justice will be referred to as Mr. Justice.

When the purported next friends electronically submitted their "Freestanding Constitutional Writ of Habeas Corpus" for filing, they did not provide mailing addresses, so the clerk of court contacted them through the provided email addresses and, after the purported next friends provided their mailing addresses on May 25, 2022, this action was docketed. Local Rule 9.1(a) requires that "petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241

1

and 28 U.S.C. § 2254" filed by or on behalf of prisoners "must be on forms approved by the court." The initial filing from the purported next friends was not on a court-approved form, so on May 26, 2022, the Court entered on the docket a notice of deficiency, directing the purported next friends to file their petition on the court-approved form, which was mailed to them at their respective addresses.

When more than 2 weeks passed without the purported next friends filing the required form, the Court issued a second notice of deficiency. (Doc. 4.) This notice explained the requirement of Local Rule 9.1(a) and informed the purported next friends that they were required to re-submit their petition on the court-approved form within 30 days. It further advised them that if they failed to do so, "this action may be dismissed without further notice for failure to comply with this court order." *Id.*

Shortly after the deadline, Mr. Pyles filed a document entitled "DECLARATION OF VOID JUDGMENT Pursuant to FRCP R. 60(b)(4) and ORDER FOR JURISDICTION TRANSFER." (Doc. 5.) Therein, he asserts that the undersigned and this Court as a whole must recuse based on their status as "AN ADVERSE PARTY to this action," which Mr. Pyles believes divests "ALL judges of the Federal District Court for Kansas" of jurisdiction in this matter. *Id.* at 1. Mr. Pyles therefore asserts that "this case shall be transferred to either a Sister Federal District Court, or Immediately Defer Jurisdiction to the 10th Circuit." *Id.*

Mr. Pyles' argument fails because it rests on an erroneous understanding of the identity of a respondent--or adverse party--

in a federal habeas corpus action. The purported next friends named as Respondents the United States District Court for the District of Kansas, Judge Sam A. Crow, Judge Julie A. Robinson, Judge Daniel D. Crabtree, Judge James R. Broomes, and Chief Judge Eric F. Melgren, all of the District of Kansas. But the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Tommy Williams, the current warden of El Dorado Correctional Facility, where Petitioner is confined, is the proper respondent. He is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure. The Court is not an adverse party in this federal habeas action.

Next, Mr. Pyles contends that he is not required to use the court-approved forms, contending that "[t]here are a variety of other cases, many that Jason has already filed, that prove Habeas Corpus must be processed regardless of court forms." (Doc. 5, p. 1.) Mr. Pyles has provided no citation to those cases. And the case citations Mr. Pyles does rely on are all to cases which are easily and materially distinguishable from the current action, where the question before the Court is whether this matter must be refiled on court-approved forms.[1]

---

[1] *Jones v. Cunningham*, 371 U.S. 236 (1963), addressed "whether a state prisoner

3

The Court has repeatedly explained to Mr. Justice that he must use court-approved forms to pursue federal habeas relief.[2] It has also previously rejected Mr. Justice's argument that he is not required to use the court-approved form because he seeks "constitutional" habeas relief. In *Justice v. Meyer*, Case No. 20-cv-3226-JWB, United States District Judge John W. Broomes explained:

---

who has been placed on parole is 'in custody' within the meaning of [28 U.S.C. § 2241] so that a Federal District Court has jurisdiction to hear and determine his charge that his state sentence was imposed in violation of the United States Constitution." 271 U.S. at 236. *Schmidt v. State*, 909 N.W.2d 778 (Ia. S. Ct. 2018), held that "the Iowa Constitution allows freestanding claims of actual innocence . . . ." 909 N.W. 2d at 781. *United States v. Garcia*, 2019 WL 95509 (E.D. Cal. Jan. 3, 2019), addressed whether the movant was entitled to habeas corpus relief from his federal sentence even though his actual innocence claim was procedurally defaulted because he had not raised it on direct appeal. 2019 WL 95509, at *1. *United States v. Morgan*, 346 U.S. 502 (1954), concerned a writ of error coram nobis filed by a federal prisoner after his federal sentence had expired. 346 U.S. at 503. On page two, Mr. Pyles cited *Fay v. Noia*, 372 U.S. 391 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), and *superseded by statute as recognized in Wogenstahl v. Charlotte*, 2017 WL 3053645, *2 (S.D. Ohio July 19, 2017), addressed "[t]he narrow question [of] whether the respondent Noia may be granted federal habeas corpus relief from imprisonment under a New York conviction now admitted by the State to rest upon a confession obtained from him in violation of the Fourteenth Amendment, after he was denied state post-conviction relief because the coerced confession claim had been decided against him at the trial and Noia had allowed the time for a direct appeal to lapse without seeking review by a state appellate court." 372 U.S. at 394. *Piasecki v. Court of Common Pleas, Bucks County, PA*, 917 F.3d 161 (2019), concerned whether sex offender registration requirements alone were sufficient to constate "custody." 917 F.3d at 163. *Greyer v. Ill. Dept. of Corr.*, 933 F.3d 871 (7th Cir. 2019), identified an argument that a local rule's form requirement could not "be 'enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." 933 F.3d at 875. But the Seventh Circuit did not address that argument in detail because "the parties have not briefed [it.]" *Id.*

[2] *See Justice v. Crow*, Case No. 22-3009-EFM, 2022 WL 218717, *1 (D. Kan. Jan. 25, 2022) (Memorandum and Order) (explaining to Mr. Justice in an action styled "as an 'Emergency Injunction and Kansas Constitution Bill of Rights § 18: Justice Without Delay; Constitutional Civil Rights Lawsuit and Freestanding Writ of Habeas Corpus" that "arguments concerning the validity of his conviction . . . must [be] present[]ed . . . in a habeas corpus petition using a court-approved form"); *Justice v. Robinson*, Case No. 21-3260-SAC, 2021 WL 5298669, *1 (D. Kan. Nov. 15, 2021) (Memorandum and Order) (explaining to Mr. Justice that although he "style[d] this action as a 'Freestanding Emergency Constitutional Habeas Corpus/Writ of Quo Warranto/Declaration of Void Judgment,'" any "arguments concerning the validity of his conviction" must be presented "in a habeas corpus petition using a court-approved form").

> The local rules of this court provide that petitions for writ of habeas corpus under 28 U.S.C. § 2254 "must be on forms approved by the court." D. Kan. R. 9.1(a). This is consistent with the rules governing § 2254 cases, which similarly provide that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district court rule." Rule 2, *Rules Governing Sec. 2254 Cases*.
>
> Petitioner contends he is not required to use the form (despite having been provided one by the clerk) because his habeas corpus petition "it non-statutory -- it is constitutional." (Doc. 3 at 1.) But Congress' authority to place limits on habeas corpus claims under 28 U.S.C. § 2254 has been acknowledged by the Tenth Circuit. *See e.g., Murrell v. Crow,* 793 F. App'x 675, 679 (10th Cir. 2019) (citing *Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998)). And requiring a claimant to use an approved form does not suspend or render inadequate the habeas remedy provided in section 2254. *Cf. id.* (noting that if a limitations period rendered the habeas remedy inadequate and ineffective, it might raise constitutional questions.) Moreover, even assuming for the sake of argument that Petitioner's "freestanding" claim is not one filed under section 2254, as he argues, "the district court may apply any or all [of the rules governing section 2254 proceedings] to a habeas corpus petition not covered by" those rules. Rule 1, *Rules Governing Sec. 2254 Cases*.
>
> The court-approved form aids the court by requiring petitioners to set forth each individual claim, the supporting facts, and the facts relating to exhaustion. Petitioner's failure to use the form prevents this court from readily determining the basis of his claims and whether they have been properly exhausted. *See Smith v. Sedgwick Cty. Dist. Court*, 244 F. App'x 199, 200 (10th Cir. 2007) ("By failing to use the form supplied by the court, Petitioner stymied the district court's effort to comprehend Petitioner's claims, and dismissal for that failure was warranted.")

*Justice v. Meyer*, 2020 WL 7481673, at *1-2 (D. Kan. Oct. 15, 2020) (Memorandum and Order).

Judge Broomes' analysis remains sound and the purported next

friends' failure to use the court-approved forms, which the clerk has provided, prevents the Court from readily determining the basis of the claims in this matter and whether they have been exhausted as required. *See Smith v. Sedgwick Cty. Dist. Court*, 244 F. App'x 199, 200 (10th Cir. 2007) ("By failing to use the form supplied by the court, Petitioner stymied the district court's effort to comprehend Petitioner's claims, and dismissal for that failure was warranted."). Moreover, Mr. Pyles' arguments in the document now before this Court do not persuade the undersigned that the purported next friends may proceed without using the court-approved forms required by the local rules.

Mr. Pyles does not, however, expressly state whether the purported next friends are willing to use the form if necessary to advance Mr. Justice's cause. As in Mr. Justice's prior habeas matter, the Court is reluctant to dismiss a habeas petition based on a deficiency that can be easily and promptly remedied by using the court-approved form. Accordingly, the Court will grant the purported next friends until August 19, 2022 to submit the petition on the form required by the rules. If they fail to do so, this action will be dismissed without prejudice for failure to comply with court orders. If they file the court-approved form, the Court will proceed with an initial screening of this matter and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Tommy Williams, Warden of El Dorado Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

6

**IT IS FURTHER ORDERED** that Dylan Pyles, Sandy Glee Justice, and Terry Justice are granted until and including August 19, 2022, in which to re-submit the petition upon court-approved forms.

**IT IS SO ORDERED.**

DATED:  This 19th day of July, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge