**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DYLAN PYLES, et al.,**

                  **Petitioners,**

       **v.**                                              **CASE NO. 22-3105-SAC**

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF KANSAS, et al.,**

                  **Respondents.**

**MEMORANDUM AND ORDER**

This matter began with a "Freestanding Constitutional Writ of Habeas Corpus & Declaration of Right to Justice without Delay" electronically submitted for filing on April 15, 2022 by Dylan Pyles, Sandy Glee Justice, and Terry Justice as purported next-friends[1] of Kansas state prisoner Jason Alan Justice. For ease of understanding, Dylan Pyles, Sandy Glee Justice, and Terry Justice collectively will be referred to in this order as the purported next friends, while Jason Alan Justice will be referred to as Mr. Justice.

**Background**

Local Rule 9.1(a) requires that "petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254" filed by

---

[1] The Court notes that because of the purported next friends' refusal to comply with the Local Rules, this matter has not reached the stage at which the Court would consider whether any of the purported next friends can satisfy the requirements to obtain next-friend status and pursue this matter on Mr. Justice's behalf. See *Whitmore v. Arkansas*, 495 U.S. 149, 161-65 (1990)(explaining necessary conditions to proceed as a "next friend" in federal court).

or on behalf of prisoners "must be on forms approved by the court." The initial filing from the purported next friends was not on a court-approved form, so on May 26, 2022, the Court entered on the docket a notice of deficiency, directing the purported next friends to file their petition on the court-approved form, which was mailed to them at their respective addresses.

When more than 2 weeks passed without the purported next friends filing the required form, the Court issued a second notice of deficiency. (Doc. 4.) This notice explained the requirement of Local Rule 9.1(a) and informed the purported next friends that they were required to re-submit their petition on the court-approved form on or before July 14, 2022. It further advised them that if they failed to do so, "this action may be dismissed without further notice for failure to comply with this court order." *Id.*

Mr. Pyles filed a response, contending that he is not required to use the court-approved forms. (Doc. 5, p. 1.) In the same filing, Mr. Pyles asserted that the undersigned and this Court as a whole must recuse based on their status as adverse parties to this action, which Mr. Pyles believes divests "ALL judges of the Federal District Court for Kansas" of jurisdiction over this matter. *Id.* Mr. Pyles asked the Court to either transfer this matter to another federal district court or "defer jurisdiction" to the Tenth Circuit. *Id.*

The Court carefully reviewed Mr. Pyles' filing and the legal authority cited therein. On July 19, 2022, the Court issued a Notice and Order to Show Cause (NOSC). (Doc. 6.) The NOSC explained that Mr. Pyles' argument regarding recusal fails because it rests on an erroneous understanding of the identity of a respondent--or adverse

2

party--in a federal habeas corpus action. *Id.* at 2-3. The proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Thus, the current warden of El Dorado Correctional Facility, where Mr. Justice is confined, is the sole proper respondent to this federal habeas action. The Court therefore declined to recuse or to transfer the case to another court and it substituted Warden Williams as the respondent in this action.

The NOSC then advised Mr. Pyles that the cases he cited in support of his contention that he need not use the court-approved forms to file a petition are materially distinguishable and therefore unpersuasive. *See id.* at 3 & n.1. As the NOSC noted, the Court has both repeatedly explained to Mr. Justice that he must use court-approved forms to pursue federal habeas relief and repeatedly rejected the argument--as Mr. Pyles made in this matter--that court-approved forms are not required when one seeks "constitutional" habeas relief. *Id.* at 4 & n.2. After quoting at length from one such case, *Justice v. Meyer*, Case No. 20-cv-3226-JWB, in which United States District Judge John W. Broomes explained the forms requirement in detail, the NOSC explained that the failure to use court-approved forms in this matter prevents the Court from readily determining the basis of the claims herein and whether they have been exhausted as required.

Because Mr. Pyles did not expressly state whether the purported next friends were willing to use the form if necessary to advance Mr. Justice's cause, the Court granted them until August 19, 2022 to submit the petition on the court-approved form as required. The

3

NOSC advised them that if they failed to submit the petition on the required form, this action would be dismissed without prejudice for failure to comply with court orders. (Doc. 6, p. 6.)

On August 19, 2022, Mr. Pyles filed a document entitled "NOTICE OF INTERLOCUTORY APPEAL; DEMAND FOR RECUSAL." (Doc. 8.) Therein, Mr. Pyles continues to insist that neither the undersigned nor any other judge on this Court has jurisdiction over this matter because they are Mr. Justice's "[a]dversaries." *Id.* at 1. Moreover, Mr. Pyles asserts that the Court's decision not to recuse shows "'Constitutionally Intolerable' Bias & Prejudice [*sic*]." *Id.* He states that he "DECLARE [*sic*] Interlocutory Appeal, and DEMAND RECUSAL of this court" and informs the Court that "Failure to recuse WILL end in Interlocutory Appeal to the 10th Circuit." *Id.* at 1-2.

Because Mr. Pyles' filing contained a notice of interlocutory appeal, an interlocutory appeal was docketed in the Tenth Circuit Court of Appeals on August 22, 2022. (Doc. 10.) The same day, the Tenth Circuit issued an order "dismiss[ing] the appeal for lack of a final order and thus of jurisdiction . . . ." (Doc. 11, p. 2.) The motion for recusal (Doc. 8) remains pending before this Court.

Mr. Pyles is not an attorney, so the Court will liberally construe his filings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Liberally construing the motion for recusal, it asserts that the undersigned must recuse because (1) this court lacks jurisdiction over this matter, (2) the undersigned has demonstrated bias and prejudice by refusing to recuse and by prior rulings, and (3) the undersigned "IS AN ADVERSARY/ DEFENDANT/RESPONDENT" in this matter. (Doc. 8, p. 1.) The Court has previously rejected the first

4

and third assertions, which are interrelated to at least some degree. Although Mr. Pyles--and perhaps Mr. Justice--is unhappy with the Court's prior rulings, that unhappiness neither transforms the Court into a respondent in this federal habeas matter nor otherwise divests the Court of jurisdiction. As previously explained, federal law is clear as to the identity of the respondent in this matter:  the individual who has custody of Mr. Justice. *See Padilla*, 542 U.S. at 443.

Turning to the assertion that recusal is necessary because of bias and prejudice shown through prior rulings, the Court liberally construes this as a request for recusal under 28 U.S.C. § 455. Subsection (a) of that statute provides:  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) further explains that a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)and (b)(1).

First, the Court has no personal bias or prejudice against Mr. Justice, so recusal under 28 U.S.C. § 455(b) is unnecessary. The test for recusal under 28 U.S.C. § 455(a) "is whether 'a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988). The Court finds that a reasonable person knowing all the relevant facts about this matter would not harbor such doubts. Mr. Pyles' asserted reasons for recusal are conclusory, unsupported by specific factual allegations, and, even liberally

5

construed, appear to be based solely on prior rulings by the undersigned and other judges of this Court.

"[P]rior rulings in the proceeding, or another proceeding, solely because they were adverse," are insufficient to "satisfy the requirements for disqualification under § 455(a)." *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993) (citations omitted). The United States Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" for judicial recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, to the extent that Mr. Pyles argues that Mr. Justice's constitutional due process right to a fair tribunal will be violated if the undersigned declines to recuse, that argument fails as well.

Mr. Pyles contends that the present circumstances are such that "the probability of Actual Bias . . . is too high to be Constitutionally Tolerable." (Doc. 8, p. 1 (internal quotation marks omitted).) In support, he cites a case in which the Kansas Supreme Court held that "the probability of actual bias [by the judge] in this case was 'too high to be tolerable' under the Due Process Clause. The proceeding sank beneath the '"constitutional floor."'" *State v. Sawyer*, 297 Kan. 902, 912 (2013) (citing *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 889 (2009)).

*Sawyer* involved a state court judge who, over a period of less than 2 years, presided over three criminal cases involving the same defendant. *Id.* at 903, 912. In the first case, the judge recused because he "judged himself unable to rule impartially." *Id.* at 903, 910. During the sentencing hearing in the second case, the judge

6

spoke to the defendant in a way that later resulted in the Kansas Court of Appeals "express[ing] grave concern" and admonishing the judge that the Code of Judicial Conduct requires judges to "'"be patient, dignified, and courteous,"' even during difficult hearings." *Id.* at 910-11. Yet in the third case, the judge denied the defendant's motion to recuse. *Id.* Under the circumstances, the Kansas Supreme Court held that constitutional due process guarantees required the judge to recuse himself in the third case. *Id.* at 911-12.

The circumstances in the present matter are not similar to those in *Sawyer*. In *Sawyer*, the judge had previously recognized his own inability to remain impartial in one matter and been chastised for his behavior in another. Here, Mr. Pyles makes general assertions of bias and prejudice, broadly referring to "evidence" contained in "the Record of All Cases that Jason has filed in this court" that Mr. Pyles believes shows that no judge in this district is interested in the rule of law, the requirements of the Constitution, justice, or fairness. (See Doc. 8, p. 1.) Unlike the discrete facts in *Sawyer*, Mr. Pyles' general assertions in this federal habeas matter do not support the conclusion that Mr. Justice's due process right to a fair tribunal is in jeopardy if the undersigned does not recuse or transfer this matter to another jurisdiction. Thus, the motion for recusal (Doc. 8), will be denied.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting

7

that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders").

The Court has allowed the purported next friends multiple opportunities to file their petition on court-approved forms. (*See* Docs. 2, 4, 6.) The Court has explained the reasoning behind the requirement that they do so and explained why their arguments to the contrary are unpersuasive. Yet the purported next friends continue to insist that they need not follow the rules of this Court and they continue to refuse to do so. In other words, despite the Court's repeated orders that the petition must be submitted on court-approved forms, the purported next-friends have not complied. Thus, the Court concludes that this matter should be dismissed without prejudice under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485.

The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion for Recusal (Doc. 8) is **denied**.

**IT IS FURTHER ORDERED** that this matter is dismissed without prejudice under Rule 41(b) for failure to comply with a court order. No certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED:  This 25th day of August, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge